IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00037-WYD-CBS

**UNITED FIRE & CASUALTY COMPANY**, an Iowa corporation,

    Plaintiff,

v.

**McCREREY & ROBERT CONSTRUCTION COMPANY, INC.**, a Colorado corporation,
**MARK McCREREY**, an individual,
**BOULDER PLAZA RESIDENTIAL, LLC**, a Colorado limited liability company; and
**1301 CANYON CONDOMINIUM ASSOCIATION, INC.**, a Colorado nonprofit corporation.

    Defendants.

---

### PROPOSED STIPULATED PROTECTIVE ORDER

---

Pursuant to Fed. R. Civ. P. 26(c), Plaintiff United Fire & Casualty, by and through its counsel, hereby moves this Court to enter this Protective Order regarding confidential and sensitive information, including confidential, propriety and commercial information. Counsel for Defendants stipulates to the form of this Protective Order. Accordingly, the parties agree and it is hereby ordered as follows:

    1.    "PROTECTED MATERIAL" is hereby defined as commercial information or material, the disclosure of which is likely to prejudice the rights of one or more of the parties hereto.

    2.    Any party in this litigation may, in good faith, designate information or materials disclosed, produced or filed by that party or person in the course of this litigation as "PROTECTED MATERIAL" in the manner hereinafter set forth or by separate written agreement of the parties



herein at any time.

All any part of document disclosed, produced filed by any party thi litigati may be designa ed "PROTECTED MATERIAL by th di closing party or person by marking th rds 'PROTECTED MATERIAL th face of th locument an ch bsequent page

A arty may bject to the esignation of ertain informati as "PROTECTED MATERIAL thin fourteen ) days fr the receip of such docum or information, by ding ce such ecti to th gnating party ting, entifying the confidential document information to which ject made Th designating arty shall respon within fourteen days from receipt such ice. If th parties agree th respect to the treatm to be ded th do information that has been esignated "PROTECTED M TERIAL any party may seek ruling from the Court th espec to that designati Th loci ent info shall tin to ha "PROTECTED MATERIAL status from th tim produced until the ruling b th Co

Do ts designate 'PROTECTED IATERIAL may be used and referred to in deposi ons, ut will be attached to epositi transcripts. urther, if any porti of th text of such ocuments read into the record deposition, the producing party may petiti th Court for leav to hav that dep sealed.

A or any part if responses to interrogatori requests f dmissi or requests for prod en of its may be esignated as ROTECTED MATERIAL by th responding party marking th words th face th resp and each page so designated

7. Documents designated "PROTECTED MATERIAL" may be used and referred to in briefs and affidavits. The producing party may petition the Court to have such briefs or affidavits sealed.

8. Material designated as "PROTECTED MATERIAL" shall be used or disclosed solely in this action, and in accordance with this Stipulation, and such "PROTECTED MATERIAL" (including any content, summary, paraphrasing or analysis thereof) shall not be used in any other litigation, discussed with any other persons not designated in paragraph 9, or the content disclosed for any other purpose without order of the Court. In particular, but without limitation, the "PROTECTED MATERIAL" shall not be disclosed to attorneys not of record in this litigation and shall not be disclosed formally or informally in any instructional program or speaking engagement.

9. Other than Court personnel, commercial photocopying firms, or as provided below, access to "PROTECTED MATERIAL" shall be limited to:

   (a) the parties;

   (b) counsel of record for the respective parties and employees of said counsel; and

   (c) experts and consultants who are employed, retained or otherwise consulted by counsel or a party for the purpose of assisting in this litigation.

10. Counsel shall inform each person to whom they disclose or give access to "PROTECTED MATERIAL" of the terms of this Stipulation as well as the obligation to comply with those terms, and shall obtain the written confirmation in the form (agreed upon by the parties) of a "Witness Acknowledgment for Protective Order", of each such person that he or she will abide

3

by the terms of this Stipulation.

11. "PROTECTED MATERIAL" may be disclosed in a deposition in this action in accordance with paragraph 5 above, and the producing party shall so advise the court reporter.

12. "PROTECTED MATERIAL" may be disclosed to the Court in connection with any filing or proceeding in this action in accordance with paragraph 7 above.

13. Upon the termination of this action by judgment, settlement or otherwise, all parties shall return to counsel for such producing party all "PROTECTED MATERIAL" received from such party, including all CD's, copies, prints, summaries and any other reproduction of such information in the possession of the parties, their counsel, retained experts or consultants.

14. This Protective Order shall not affect the ability of any party to use any documents for the purposes of this case or to use any document as an exhibit at trial.

15. This Protective Order shall survive the termination of this action and continue in full force and effect.

THIS MATTER coming to be heard this _____ day of _____, 2007, and the Court noting the parties' Stipulation for the entry of the Protective Order does hereby grant and enter the Protective Order.

BY THE COURT:



DATED at Denver, Colorado, this 2nd day of April, 2007.

                                        BY THE COURT:

                                        *s/Craig B. Shaffer*
                                        Craig B. Shaffer
                                        United States Magistrate Judge