IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  06-cv-00037-WYD-CBS

UNITED FIRE & CASUALTY COMPANY, an Iowa corporation,

      Plaintiff,

v.


MCCREREY & ROBERTS CONSTRUCTION COMPANY, INC., a Colorado
corporation;
MARK MCCREREY, an individual;
BOULDER PLAZA RESIDENTIAL, LLC, a Colorado limited liability company;
ONE BOULDER PLAZA MANAGEMENT COMPANY, LLC, a Colorado limited liability
company; and
1301 CANYON CONDOMINIUM ASSOCIATION, INC., a Colorado nonprofit
corporation,

      Defendants.

---

## ORDER

---

THIS MATTER is before the Court on Plaintiff United Fire & Casualty's Motion
for Reconsideration of the Court's March 20, 2007 Order [# 88], filed March 30, 2007.
In this motion, Plaintiff asks that the Court reconsider its Order of March 20, 2007.  That
Order granted Defendants' Motion for Partial Summary Judgment on the issue of
Plaintiff's duty to defend.  That Order further denied Plaintiff's Motion for Summary
Judgment holding that the action was not barred by claim preclusion and that the
Rooker-Feldman doctrine did not apply.

Specifically, in the March 20, 2007 Order, I found that Plaintiff had a duty to
defend the Defendant in the underlying litigation based on well-settled Colorado law.

With respect to Plaintiff's Motion for Summary Judgment, I found that the instant action was not related to the underlying litigation because neither the terms of the Additional Insured Endorsement portion of the insurance policy nor Plaintiff's refusal to defend M&R was at issue in the state court matter.  Finally, I determined that the Rooker-Feldman doctrine was inapplicable to the case at hand because the issue in this case, whether Plaintiff had a duty to defend M&R, was unrelated to the issues litigated in the underlying related action.  Moreover, I found that this case would not disturb the judgment of the state court because the jury in the underlying action found that Summit Flooring was not negligent and did not breach its contract with M&R.  Plaintiff now moves to reconsider my rulings by setting forth the same arguments in its Motion for Summary Judgment and arguing that the Court misapplied the relevant law.  Accordingly, the Motion for Reconsideration should be denied.

I must first determine the appropriate standard for reviewing Plaintiff's motion, because it fails to state the legal basis for the motion.  Since Plaintiff's Motion to Reconsider was filed within ten (10) days of the Court's ruling on the merits, I will construe this motion as one filed under Fed. R. Civ. P. 59(e).  *See Phelps v. Hamilton*, 122 F.3d 1309, 1323-24 (10th Cir. 1997) ("'regardless of how it is styled or construed..., a motion filed within ten days of the entry of judgment that questions the correctness of the judgment is properly treated as a Rule 59(e) motion . . . [f]urthermore, we have held that a motion will be considered under 59(e), 'when it involves reconsideration of matters properly encompassed in a decision on the merits'") (quotation and internal quotation marks omitted).

There are three major grounds that justify reconsideration of a motion under Rule 59(e):  (1) an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice.  *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000); *see also Phelps*, 122 F.3d at 1324 ("[a] Rule 59(e) motion to alter or amend the judgment should be granted 'only to correct manifest errors of law or to present newly discovered evidence'") (quotation and internal quotation marks omitted).  Thus, "a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law."  *Servants of the Paraclete*, 204 F.3d at 1012.  Such a motion is committed to the trial court's discretion.  *See Phelps*, 122 F.3d at 1324.

In the case at hand, Plaintiff simply puts forth the same arguments that the Court already considered in its Motion for Summary Judgment.  Plaintiff has not advanced any change in the law or newly discovered evidence.  Moreover, Plaintiff has not shown any clear error in the Court's ruling.  Finally, Plaintiff has not shown that the Court misapprehended the facts, the parties' positions, or controlling law.  Accordingly, the only ground that Plaintiff could possibly rely on in support of his motion is the need to prevent manifest injustice.  I find that Plaintiff has not established this need.  Accordingly, I find that Plaintiff United Fire & Casualty's Motion for Reconsideration of the Court's March 20, 2007 Order is not proper.  *See Servants of the Paraclete*, 204 F.3d at 1012 (a motion for reconsideration "is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing").

Based upon the foregoing, it is

ORDERED that Plaintiff United Fire & Casualty's Motion for Reconsideration of the Court's March 20, 2007 Order [# 88] is **DENIED**.

Dated:  May 3, 2007

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge