IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  06-cv-00037-WYD-CBS

UNITED FIRE & CASUALTY COMPANY, an Iowa corporation,

    Plaintiff,

v.

MCCREREY & ROBERTS CONSTRUCTION COMPANY, INC., a Colorado corporation;
MARK MCCREREY, an individual;
BOULDER PLAZA RESIDENTIAL, LLC, a Colorado limited liability company;
ONE BOULDER PLAZA MANAGEMENT COMPANY, LLC, a Colorado limited liability company; and
1301 CANYON CONDOMINIUM ASSOCIATION, INC., a Colorado nonprofit corporation,

    Defendants.

**ORDER**

I.    <u>INTRODUCTION</u>

THIS MATTER comes before the Court on Plaintiff United Fire & Casualty Company's Motion for Certification of Appeal Pursuant to 28 U.S.C. § 1292(b), or in the Alternative Motion for Entry of Partial Final Judgment Pursuant to Fed. R. Civ. P. 54(b) (docket # 106), filed July 13, 2007.  The Court has reviewed Plaintiff's Motion, Response, and the authorities cited therein.  For the reasons stated in the Order, Plaintiff United Fire & Casualty Company's Motion for Certification of Appeal Pursuant to 28 U.S.C. § 1292(b), or in the Alternative Motion for Entry of Partial Final Judgment Pursuant to Fed. R. Civ. P. 54(b) is **DENIED.**

II.  ANALYSIS

This action for a declaratory judgment concerns a dispute over whether Plaintiff United Fire & Casualty Company has a duty to defend its insured, McCrerey & Roberts Construction Company, Inc. ("M&R"), for alleged claims of construction defects in the underlying state court litigation.  By way of background, on March 20, 2007, I issued an Order granting Defendant Boulder Plaza Residential's Partial Motion for Summary Judgment on the Issue of Duty to Defend.  Moreover, on May 3, 2007, I issued an Order denying Plaintiff's Motion for Reconsideration of my March 20, 2007 Order.

Turning to the instant motion, Plaintiff requests that I enter an Order pursuant to 28 U.S.C. § 1292(b), certifying my March 20, 2007 Order for an interlocutory appeal with the Tenth Circuit Court of Appeals.  In the alternative, Plaintiff requests that I enter partial final judgment as to Defendant Boulder Plaza's counterclaim for Fed. R. Civ. P. 54(b), so it may pursue an immediate appeal.  Specifically, Plaintiff seeks certification of questions involving the Court's decision that Plaintiff owed Defendant a duty to defend in the underlying state litigation.

    A.    <u>Whether Plaintiff's motion should be granted pursuant to 28 U.S.C. §1292(b).</u>

First, Plaintiff seeks certification pursuant to 28 U.S.C. § 1292(b).  The relevant statute, 28 U.S.C. §1292(b), reads as follows:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation,

> he shall so state in writing in such order. The Court of
> Appeals which would have jurisdiction of an appeal of such
> action may thereupon, in its discretion, permit an appeal to
> be taken from such order, if application is made to it within
> ten days after the entry of the order: *Provided, however,*
> That application for an appeal hereunder shall not stay
> proceedings in the district court unless the district judge or
> the Court of Appeals or a judge thereof shall so order.

The statute imposes four criteria to be met before an issue may certified for appeal: (1) the action must be a "civil action," (2) the court must conclude that the order from which the appeal is to be taken involves a "controlling question of law," (3) upon which there exists "substantial ground for difference of opinion," and (4) the court must believe that "immediate appeal from the order may materially advance the ultimate termination of the litigation." *In re Grand Jury Proceedings June 1991*, 767 F.Supp. 222, 223 (D. Colo. 1991). A question of law is "controlling" if it has the potential for substantially accelerating disposition of the litigation. In other words, "[i]f the correct answer to the question will end the matter pending, the question is controlling." *In re Grand Jury Proceedings June 1991*, 767 F.Supp. at 225. As to the third requirement, the question presented for certification must be difficult, novel, and involve "a question on which there is little precedent or one whose correct resolution is not substantially guided by previous decisions." *Id*. at 226. Here, I find that Defendant has failed to demonstrate that the issues it seeks to have this Court certify involve controlling questions of law upon which there is a substantial ground for a difference of opinion, or that immediate appeal from the order may materially advance the ultimate termination of the litigation.

Defendant complains that my March 20, 2007 Order involves "legal issues for

which there are substantial differences of opinion" and requests certification on the issue of the "ongoing operations language at issue in the additional insured endorsement of the UFC policy." In my March 20, 2007 Order, I analyzed Plaintiff's arguments and evidence regarding this issue and the relevant case law. I found that the law supported my determination that the Plaintiff owed the Defendant a duty to defend. Therefore, I find no basis for Plaintiff's contention that there is substantial ground for difference of opinion with respect to the issue of the "ongoing operations" language. Plaintiff cites no authority in support of its contention that there is "scant appellate law" and "appellate guidance . . . would be highly useful to the parties" with respect to this issue. In addition, it is not clear that this question involves a "controlling question of law," nor is it clear that resolution of this issue will materially advance the ultimate termination of the litigation. Therefore, I reject Plaintiff's request for certification under 28 U.S.C. § 1292(b).

    B.    <u>Whether Plaintiff's motion should be granted pursuant to Fed. R. Civ. P. 54(b)</u>.

In the alternative, Plaintiff seeks entry of a partial final judgment pursuant to Fed. R. Civ. P. 54(b). The relevant rule, Rule 54(b), reads as follows:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment . . .

The Tenth Circuit has stated that "Rule 54(b) entries are not to be made routinely . . ."

*Oklahoma Turnpike Authority v. Bruner*, 259 F.3d 1236, 1242 (10th Cir. 2001)(internal citations omitted). Moreover, District Courts "should be reluctant to enter Rule 54(b) orders since the purpose of this rule is a limited one: to provide a recourse for litigants when dismissal of less than all their claims will create undue hardships." *Id.* The Tenth Circuit further stated that,

> a certification under Rule 54(b) is only appropriate when a district court adheres strictly to the rule's requirement that a court make two express determinations. First, the district court must determine that the order it is certifying is a final order. Second, the district court must determine that there is no just reason to delay review of the final order until it has conclusively ruled on all claims presented by the parties to the case.

*Id.* The district court should consider "whether the claims under review are separable from the others remaining to be adjudicated and whether the nature of the claims already determined are such that no appellate court would have to decide the same issue more than once even if there were subsequent appeals." *Stockman's Water Co., LLC v. Vaca Partners, L.P.*, 425 F.3d 1263, 1264 (10th Cir. 2005).

Turning to the case at hand, the Plaintiff argues that an immediate appeal will serve judicial economy as it would likely reduce the scope of the remaining claims if the appellate court were to reverse my Order. However, I find that the Plaintiff has not made the necessary showing of hardship or injustice to support an immediate appeal. Indeed, an immediate appeal on the duty to defend issue is likely to further delay resolution of this dispute. Thus, a Rule 54(b) order granting an immediate appeal would result in precisely the kind of "piecemeal" litigation that courts disfavor.

Therefore, I find that judicial economy and the equities of this case weigh against Plaintiff's motion, and it should be **DENIED**.

III.    CONCLUSION

In conclusion, for the reasons stated above, it is

ORDERED that Plaintiff United Fire & Casualty Company's Motion for Certification of Appeal Pursuant to 28 U.S.C. § 1292(b), or in the Alternative Motion for Entry of Partial Final Judgment Pursuant to Fed. R. Civ. P. 54(b) (docket # 106), filed July 13, 2007 is **DENIED**.

Dated:  August 14, 2007

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge