IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 06-cv-00037-PAB-CBS

UNITED FIRE & CASUALTY COMPANY,
an Iowa corporation,

      Plaintiff,

v.

BOULDER PLAZA RESIDENTIAL, LLC,

      Defendant.

---

**ORDER**

---

This matter is before the Court on plaintiff's motion for review of the Clerk's ruling

on the bill of costs [Docket No. 322].  The Court granted summary judgment in favor of

plaintiff [Docket No. 308] and judgment entered in this case February 4, 2010 [Docket

No. 309].[1]  Plaintiff, as the prevailing party, filed a proposed bill of costs [Docket No.

310].  On March 3, 2011, the Clerk of the Court allowed certain costs and disallowed

others, ultimately taxing costs in favor of plaintiff in the amount of $2,867.08 [Docket No.

319].  On March 10, 2010, plaintiff filed the present motion challenging the taxation of

those costs and arguing that the Clerk should have taxed costs in favor of it in the full

amount it requested.

## I.  STANDARD OF REVIEW

The Tenth Circuit's opinion in *In re Williams Securities Litigation-WCG Subclass*

provides all the necessary background for this motion:

---

[1]  The grant of summary judgment was recently affirmed by the Tenth Circuit.  See
*United Fire & Cas. Co. v.  Boulder Plaza Residential, LLC*, --- F. 3d ----, 2011 WL
240520 (10th Cir. Jan. 27, 2011).

Rule 54(d)(1) provides that costs, other than attorney's fees, should generally "be allowed to the prevailing party." We have recognized that the district court's discretion in taxing costs is limited in two ways. *See Cantrell v. Int'l Bhd. of Elec. Workers*, 69 F.3d 456, 458-59 (10th Cir. 1995) (en banc). First, "Rule 54 creates a presumption that the district court will award costs to the prevailing party." *Id.* at 459. Second, the district court "must provide a valid reason" for denying such costs. *Id.*; *see also Klein v. Grynberg*, 44 F.3d 1497, 1507 (10th Cir. 1995) (stating that denying costs to a prevailing party is a "severe penalty" and explaining that "there must be some apparent reason to penalize the prevailing party if costs are to be denied").

Items proposed by prevailing parties "as costs should always be given careful scrutiny." *U.S. Indus., Inc. v. Touche Ross & Co.*, 854 F.2d 1223, 1245 (10th Cir. 1988), *overruled on other grounds as recognized by Anixter v. Home-Stake Prod. Co.*, 77 F.3d 1215, 1231 (10th Cir.1996). The costs statute allows a judge or clerk of any court of the United States to tax costs for transcripts and copies "necessarily obtained for use in the case." 28 U.S.C. § 1920(2) & (4). Both parties agree that this standard governs the costs at issue in this appeal.

The "necessarily obtained for use in the case" standard does not allow a prevailing party to recover costs for materials that merely "added to the convenience of counsel" or the district court. *Touche Ross*, 854 F.2d at 1245. To be recoverable, a prevailing party's transcription and copy costs must be "reasonably necessary to the litigation of the case." *Mitchell v. City of Moore*, 218 F.3d 1190, 1204 (10th Cir. 2000). Materials produced "solely for discovery" do not meet this threshold. [*Furr v. AT & T Techs., Inc.*, 824 F.2d 1537, 1550 (10th Cir. 1987)]. At the same time, we have acknowledged that materials may be taxable even if they are not "strictly essential" to the district court's "resolution of the case." *Id.* The "realities of litigation occasionally dispense with the need of much of the discovery already taken by the parties when, for instance, a dispositive motion is granted by the trial court." *Callicrate v. Farmland Indus., Inc.*, 139 F.3d 1336, 1340 (10th Cir. 1998). Our cases establish that if deposition transcripts or copies were "offered into evidence," were "not frivolous," and were "within the bounds of vigorous advocacy," costs may be taxed. *Id.* (citing *Furr*, 824 F.2d at 1550). This standard recognizes that "caution and proper advocacy may make it incumbent on counsel to prepare for all contingencies which may arise during the course of litigation," including the "possibility of trial." *Id.*

Thus, we do not "employ the benefit of hindsight" in determining whether materials for which a prevailing party requests costs are reasonably

2

necessary to the litigation of the case. *Id.*  We base this determination, instead, solely "on the particular facts and circumstances at the time the expense was incurred." *Id.*; *see also Allison v. Bank One-Denver*, 289 F.3d 1223, 1249 (10th Cir. 2002) (recognizing that as long as the expense "appeared to be reasonably necessary at the time it was" incurred, "the taxing of such costs should be approved").  The standard is one of reasonableness.  *See Mitchell*, 218 F.3d at 1204.  If "materials or services are reasonably necessary for use in the case," even if they are ultimately not used to dispose of the matter, the district court "can find necessity and award the recovery of costs." *Callicrate*, 139 F.3d at 1339.  Thus, we will not "penalize a party who happens to prevail on a dispositive motion by not awarding costs associated with that portion of discovery which had no bearing on the dispositive motion, but which appeared otherwise necessary at the time it was taken for proper preparation of the case." *Id.* at 1340.

A prevailing party bears the burden of establishing the amount of costs to which it is entitled.  *See Allison*, 289 F.3d at 1248.  Our precedents establish that the amount a prevailing party requests "must be reasonable." *Callicrate*, 139 F.3d at 1339.  Once a prevailing party establishes its right to recover allowable costs, however, the burden shifts to the "non-prevailing party to overcome" the presumption that these costs will be taxed.  *Rodriguez v. Whiting Farms, Inc.*, 360 F.3d 1180, 1190 (10th Cir. 2004).

The district court possesses "broad discretion" in awarding costs.  *Touche Ross*, 854 F.2d at 1247; *see also Callicrate*, 139 F.3d at 1339 ("The taxing of costs rests in the sound judicial discretion of the district court."). Accordingly, we review costs awards only for an abuse of that discretion. *See Touche Ross*, 854 F.2d at 1245.  A district court abuses its discretion where it (1) commits legal error, (2) relies on clearly erroneous factual findings, or (3) where no rational basis exists in the evidence to support its ruling.  *See Elephant Butte Irrigation Dist. v. U.S. Dep't of the Interior*, 538 F.3d 1299, 1301 (10th Cir. 2008).

558 F.3d 1144, 1147-48 (10th Cir. 2009).

## II.  ANALYSIS

Plaintiff asks the Court to review the Clerk's award of costs and tax the full amount of costs it requested in two categories: (1) copying costs; and (2) deposition costs.

## A. Copies

Title 28, United States Code, § 1920 governs what sorts of costs are taxable under Rule 54(d)(1) and allows the Court to tax "fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case."  28 U.S.C. § 1920(4).  Plaintiff bears the burden of justifying copy costs. Although it "need not 'justify each copy' it makes," it must "demonstrate to the district court that, under the particular circumstances, the copies were 'reasonably necessary for use in the case.'" *See In re Williams*, 558 F.3d at 1149 (quoting *Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243, 1259 (10th Cir. 1998) and *U.S. Indus., Inc. v. Touche Ross & Co.*, 854 F.2d 1223, 1246 (10th Cir. 1988)).

Plaintiff first seeks costs for copying the files of two of its experts, Bret Godfrey and Geoff Race.  Plaintiff argues that these costs were reasonably necessary to prepare these witnesses for trial, which was set for March 8, 2010, when summary judgment was granted on February 1, 2010.  The Court finds, however, that these copies were not reasonably necessary for use in the case and that they were obtained primarily for counsel's convenience.  *See Williams*, 558 F.3d at 1149.  Plaintiff claims it did not have a "complete" copy of Mr. Godfrey's file, but then obtained the "file," which suggests copying at least some materials it already had.  Mr. Race was plaintiff's former counsel.  While plaintiff claims that it did not have a copy of this file, it provides no explanation of why it would not already have such materials or why it was necessary to copy materials it did not have in order to prepare Mr. Race for his deposition. Therefore, the Court will not tax these costs.

Plaintiff next seeks costs for copying the file of defendant's witnesses, expert Raymond Johnson and defendant's principal Jerry Lee, before their depositions. Plaintiff argues these copies were necessary to prepare for these depositions.  The Court agrees that these copies were reasonably necessary for use in the case and that they were not obtained primarily for counsel's convenience.  *See Williams*, 558 F.3d at 1149.  Therefore, the Court will tax these costs in the amounts of $150.90, $143.25 and $77.55.

Plaintiff next seeks costs for copying documents produced pursuant to the Court's order to compel.  *See* Docket No. 226.  The Court finds that these copies were solely produced as discovery and were not reasonably necessary for use in the case. *See Williams*, 558 F.3d at 1147.  Therefore, the Court will not tax these costs.

Plaintiff next seeks internal copy costs incurred by plaintiff's counsel during this litigation over and above the copy costs allowed by the Clerk of the Court related to the summary judgment motion.  Plaintiff does not specify what these various copies were, even in broad categories.  Therefore, plaintiff provides no basis for the Court to find that these copies were necessarily incurred in litigating this case and it will not tax these costs.  *See Karsian v. Inter-Regional Financial Group Inc.*, 13 F. Supp. 2d 1085, 1093 (D. Colo. 1998) (denying copying costs where prevailing party did not "demonstrate[] with sufficient specificity why these costs were necessarily obtained for use in this case").

Plaintiff next seeks copy costs incurred by plaintiff's earlier counsel in obtaining copies of disclosure documents produced by the parties in this matter.  Defendant objects that these costs were produced solely for discovery.  The Court finds that

plaintiff has again provided insufficient details as to the nature of these documents to determine whether they were necessary for use in the case.  Therefore, the Court will deny these costs.  *See id.*

Finally, plaintiff seeks copy costs incurred during plaintiff's change in counsel. The Court finds that these copies were made for the convenience of counsel so that plaintiff's original counsel could retain a copy of plaintiff's files.  *See Williams*, 558 F.3d at 1147.  Therefore, the Court will not tax this cost.

## B.  Depositions

Title 28, United States Code, § 1920 allows the Court to tax "fees for printed or electronically recorded transcripts necessarily obtained for use in the case" as well as "fees and disbursements for printing and witnesses."  28 U.S.C. § 1920(2)-(3).  As with copying costs, "when a deposition was reasonably necessary to the litigation, the resulting costs are generally allowable.  However, if the deposition was taken simply for discovery purposes, then costs are not recoverable."  *Karsian*, 13 F. Supp. 2d at 1088 (citations omitted).

Plaintiff first seeks costs incident to taking the deposition of Raymond Johnson, one of defendant's retained experts who appeared on defendant's final witness list. Plaintiff took Mr. Johnson's deposition twice and seeks the cost of obtaining the transcripts of both Mr. Johnson's depositions, totaling $1,667.19.  Costs are appropriate for depositions of individuals appearing on a party's final witness list.  *See Karsian*, 13 F. Supp. 2d at 1088 (allowing for taxation of costs for, among other things, stenographic transcripts of individuals whose names appeared on a party's final witness list). However, defendant objects that this cost includes a $407.10 charge for the reporter's

audio file, which plaintiff should not be able to recover on top of costs for the stenographic transcript.  The Court disagrees.  As *Karsian* explained, "[i]n certain circumstances, costs are taxable for both the stenographic transcription and the videotaping of depositions."  13 F. Supp. 2d at 1088.  The Court sees no meaningful distinction between videotaping a deposition and recording it with only audio.  In *Karsian*, the court awarded the cost of both videotaping and stenographically transcribing a deposition when a witness actually testified at trial.  *Id.*  Here, the trial was foreclosed by the Court's grant of summary judgment; however, the trial was set to occur in just over a month when the Court granted summary judgment.  Mr. Johnson appeared on defendant's witness list.  Therefore, the Court finds these costs were reasonably necessary and will tax $1,667.19 in costs related to the depositions of Mr. Johnson.

Plaintiff also seeks $3,503.77 in expert witness fees it paid to Mr. Johnson for the two depositions.  Defendant objects that these charges are not taxable because witness fees taxable under 28 U.S.C. § 1920(3) are limited by 28 U.S.C. § 1821, which only allows a $40 per day witness fee in addition to a fee for the time necessarily spent going to and returning from the deposition.  *See Karsian*, 13 F. Supp. 2d at 1091-92.  Plaintiff replies that *Karsian* is inapposite because it discussed witness fees relating to a party's own witness, not an opposing expert such as Mr. Johnson.  The Court rejects plaintiff's distinction and will only tax $80 for the two days Mr. Johnson was deposed.  *See Griffith v. Mt. Carmel Medical Center*, 157 F.R.D. 499, 505 (D. Kan. 1994) (applying 28 U.S.C. § 1821 limits to prevailing party's depositions of opposing party's experts).

Plaintiff next seeks $563.35 spent obtaining the transcript of Neal Scharmer, plaintiff's general counsel.  The Court agrees that the fees associated with Mr. Scharmer's deposition are taxable because he appeared on both parties' final pretrial witness lists.  *See Karsian*, 13 F. Supp. 2d at 1088.  Defendant objects that the $563.35 charge includes charges for a video copy, an e-transcript, an exhibit copy and delivery.  For the reasons discussed above regarding Mr. Johnson, the Court will award the full $563.35 to plaintiff.

Plaintiff next seeks $647.25 for two deposition transcripts of Jan Colvin, a former employee of plaintiff who appeared on its witness list.  Defendant argues that this cost is not taxable because it had to depose Ms. Colvin a second time due to plaintiff's withholding of documents and because plaintiff made Ms. Colvin a "may call witness" shortly before the trial date.  The Court finds that these depositions were reasonably necessary and will award the cost of Ms. Colvin's transcripts.  For the same reasons, the Court will also award $769.40, the cost of obtaining transcripts of two depositions of Vicky Greff, a former employee of plaintiff who appeared on both parties' witness lists.

Plaintiff also seeks costs for the transcripts of Bedora Sheronick, Brett Godfrey, Geoffrey Race, and Walter Houghtaling.  All of these witnesses appeared on plaintiff's witness list and some also appeared on defendant's.  Therefore, the Court will award plaintiff $315.50, $735.45, $526.70 and $239.50 in costs related to deposition transcripts of each of these witnesses.  Accordingly, it is

**ORDERED** that plaintiff's Motion for Review of the Costs Taxed by the Court

Clerk [Docket No. 322] is **DENIED** in part and **GRANTED** in part.  Additional costs shall

be taxed in favor of plaintiff and against defendant in the amount of $5,916.04.

DATED March 29, 2011.

BY THE COURT:


s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge