IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 06-cv-00037-PAB-CBS

UNITED FIRE & CASUALTY COMPANY, an Iowa Corporation,

     Plaintiff,

v.

BOULDER PLAZA RESIDENTIAL, LLC,

     Defendant.

---

## ORDER

---

This matter is before the Court on the Request for Entry of Judgment [Docket No. 334] filed by plaintiff United Fire & Casualty Company ("United Fire"). In its motion, United Fire requests that the Court enter a judgment against defendant Boulder Plaza Residential, LLC, in the amount of $9,233.12 pursuant to Rule 58 of the Federal Rules of Civil Procedure.

On January 10, 2006, United Fire filed a complaint [Docket No. 1] seeking a declaratory judgment that it owed no duty to defend or indemnify claimants pursuant to a commercial general liability insurance policy. *See* Docket No. 1. On February 1, 2010, the Court granted summary judgment in favor of United Fire [Docket No. 308] and judgment entered on February 4, 2010 [Docket No. 309]. As the prevailing party, United Fire filed a proposed Bill of Costs [Docket No. 310] and, on March 3, 2010, the clerk of the court taxed costs against defendant in the amount of $2,867.08 [Docket No. 319]. United Fire then filed a motion to review costs [Docket No. 322] and, on

March 29, 2011, the Court taxed an additional $5,916.04 in favor of plaintiff.  *See*

Docket No. 333.

In its motion for an entry of judgment, United Fire requests that the clerk of the

court, pursuant to Rule 58 of the Federal Rules of Civil Procedure, enter a separate

judgment for the post-judgment costs awarded by the Court.  Specifically, United Fire

seeks a judgment reflecting an award of costs in the amount of $9,233.12.[1]  United Fire

states that, pursuant to Rule 58(d), a party "may request that judgment be set out in a

separate document as required by Rule 58(a)."  Docket No. 334 at 1.

Because the clerk of the court has already entered judgment in the case, *see*

Docket No. 309, the Court denies plaintiff's motion as duplicative.  Moreover, because

post-judgment motions for costs are collateral matters not related to the merits, *see*

*Collard v. United States*, 10 F.3d 718, 719 (10th Cir. 1993), the Court is not required to

enter a separate judgment for a review of review of costs pursuant to Rule 54(d) of the

Federal Rules of Civil Procedure.  *See Buchanan v. Stanships*, 485 U.S. 265, 268

(1988) ("it is apparent that the [Federal Rules of Civil Procedure] attempt to divorce the

process of entering judgment from that of determining and assessing the costs.")

(citation omitted).  Additionally, because appellate costs are automatically "taxed

against the appellant" when "a judgment is affirmed," a separate judgment is not

necessary for plaintiff to enforce the Statement of Costs from the Court of Appeals.

Fed. R. App. P. 39(a)(2); *see Reid v. State of Okla.*, 101 F.3d 628, 631 (10th Cir. 1996)

---

[1]The total amount of $9,233.12 is derived from the following sources: (1)
$2,867.08 from the clerk of the court's Bill of Costs [Docket No. 319]; (2) $5,916.04
from the Court's March 29, 2011 Order [Docket No. 333]; and (3) $450.00 from the
Court of Appeals' Statement of Costs [Docket No. 332-1].

("costs shall be taxed against the [unsuccessful] appellant as a matter of course under Fed. R. App. P. 39(a).").

Accordingly, it is

**ORDERED** that Plaintiff United Fire & Casualty's Request for Entry of Judgment [Docket No. 334] is **DENIED**.

DATED February 16, 2012.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge